IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JUDITH ANN HOUSLEY,**

    **Plaintiff,**

**v.**                                                  **No. 16-cv-0430 MV/SMV**

**WELLS FARGO BANK, N.A.,**

    **Defendant.**

**ORDER DENYING PLAINTIFF'S REQUEST
FOR A SETTLEMENT CONFERENCE WITHOUT PREJUDICE**

THIS MATTER is before the Court on Plaintiff's "Request for a Settlement Hearing with a Jury" [Doc. 19], filed on February 6, 2017.  It is not clear whether Plaintiff requests a settlement conference (which of course, is confidential, and no jury is present), or whether she requests a trial setting with a jury (which of course, is not a settlement conference at all). Defendant interpreted Plaintiff's filing as a request for a settlement conference, and Defendant is opposed.  [Doc. 20].  Defendant is convinced that this lawsuit is "frivolous," *id.*, and its Motion to Dismiss on that basis is pending, [Doc. 8].  Defendant argues that a settlement conference at this time—prior to ruling on the pending dispositive motions[1]—would be "premature" and "futile."  Plaintiff did not reply, and the time for doing so has passed.

In this Court's experience, settlement conferences in which one or more parties is not ready to negotiate are rarely, if ever, productive.  Accordingly, the Court will not order a

---

[1] Plaintiff has also filed a Motion for Summary Judgment.  [Doc. 11].

settlement conference at this time.[2]  *See generally* Fed. R. Civ. P. 16(a)(5) (authorizing but not mandating settlement conferences).  In the future, if both parties are interested in a settlement conference, they should contact my chambers.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's "Request for a Settlement Hearing with a Jury" [Doc. 19] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] To the extent that Plaintiff intended to request a trial setting, such setting, if necessary, will be handled by the presiding judge in due course.