IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDITH ANN HOUSLEY,

    Plaintiff,

v.        CV 16-430 MV/SMV

WELLS FARGO BANK, N.A.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 8]. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## BACKGROUND

In her Complaint, Plaintiff alleges that Defendant is the creditor of a loan "associated with Plaintiff, and associated with a mortgage dated November 18, 1996." Doc. 1 at ¶ 5. Plaintiff further alleges that on December 4, 2015, Defendant "received a notice of rescission made by Plaintiff pursuant to [the Truth in Lending Act ("TILA"),] 15 U.S.C. § 1635 rescinding the loan," but to date has not complied with its obligations as a lender under the notice of rescission. Id. at ¶¶ 6-7. Based on these allegations, Plaintiff, appearing *pro se*, filed the instant action seeking both a declaratory judgment (Count I) and statutory relief (Count II). Specifically, Plaintiff alleges that because Defendant failed to comply with the statutory rescission requirements under § 1635, she is entitled to: (1) a declaration that the subject loan, and her obligations thereunder, are "terminated, released, void and invalid;" and (2) twice the monetary value of the note that she issued in connection with the loan. Id. at ¶¶ 17, 23.

1

Defendant filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion.

## LEGAL STANDARD

Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss when the dates given in the complaint make clear that the right sued upon has been extinguished." *Cosgrove v. Kan. Dep't of Soc. & Rehab. Servs.*, 332 F. App'x 463 (10th Cir. 2009) (citation omitted).

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The Court in *Iqbal* identified "two working principles" in the context of a motion to

dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *see Twombly*, 550 U.S. at 570 (holding that a plaintiff must "nudge" her claims "across the line from conceivable to plausible"). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citation omitted).

In keeping with these two principles, the Court explained,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id.* at 679.

## DISCUSSION

Defendant moves to dismiss the instant action on various grounds. Defendant first argues that Plaintiff's claims are barred by res judicata, as she could have raised them in her earlier, state court action against Defendant, in which she raised other issues regarding the subject loan. Defendant further argues that Plaintiff's claims are untimely under the three-year limitation set forth in § 1635. Finally, Defendant argues that Plaintiff's claims are improper because her loan was a residential one and thus exempt from the rescission provisions of § 1635, and because she has failed to plead allegations that, if proven, would demonstrate that she is

3

willing and able to return the loan. The Court agrees that Plaintiff failed to rescind the loan within the three-year statutory limitation period, and that, on this basis alone Plaintiff has failed to state a claim upon which relief can be granted.

The TILA was enacted to help consumers "avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." 15 U.S.C. § 1601(a). To that end, the TILA grants borrowers the right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his intention to do so." 15 U.S.C. § 1635 (a). Under the TILA, borrowers have "an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). This conditional right to rescind, however, does not last forever. *Id.* Rather, "[e]ven if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'" *Id.* (quoting 15 U.S.C. § 1635(f)) (emphasis in original).

A borrower may exercise his or her right to rescind under the TILA "by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." 15 U.S.C. § 1635(a). In *Jenoski*, the Supreme Court interpreted this provision to mean that "rescission is effected when the borrower notifies the creditor of his intention to rescind." *Jesinoski*, 135 S. Ct. at 792. Accordingly, the Supreme Court concluded that in order for rescission to be timely under the TILA, a borrower must provide written notice to the creditor of his intention to rescind within three years after the transaction is consummated. *Id.; see also Sadler v. Bank of New*

4

*York*, No. 17 cv 2962, 2018 WL 1531687, at *4 n.4 (D. Colo. Mar. 29, 2018) ("In certain circumstances, TILA allows a borrower to rescind a mortgage transaction entirely. However, even under the most favorable circumstances to the borrower, such a rescission must be made within three years of the closing of the mortgage transaction.").

Here, the loan at issue was made on November 18, 1996. Under the TILA, Plaintiff's conditional right to rescind the loan expired three years later, on November 18, 1999. Plaintiff, however, did not provide Defendant with written notice of her intention to rescind the loan until December 4, 2015, 16 years after her right to rescission was extinguished. Plaintiff thus failed to timely rescind the loan.

Plaintiff's instant action for a declaration of rescission and damages is based entirely on her purported rescission of the loan. Because she did not timely effect any such rescission, there is no basis for her claims. Plaintiff's Complaint thus fails to state a claim upon which relief can be granted.

In opposing Defendant's motion to dismiss, Plaintiff argues that her notice of rescission was not untimely because "no loan" between her and Defendant "has ever been consummated within the appropriate legal definition of consummation." Doc. 12 at ¶ 9. According to Plaintiff, she exercised her right to rescind the loan "by averring consummation had not yet occurred." Id. at ¶ 10. Plaintiff has provided no legal or factual basis for her contention that her unilateral "averment" that the loan was never consummated was sufficient to effect rescission of the loan. Indeed, all relevant authority is to the contrary.

Specifically, as noted above, the TILA makes clear that the right of rescission expires three years after the date of consummation of the transaction. For purposes of the TILA, "consummation of the transaction" "means the time that a consumer becomes contractually

obligated on a credit transaction." *Murry v. Ocwen Loan Serv. LLC*, No. 16 cv 991, 2017 WL 698801, at *3 (D. Colo. Feb. 21, 2017) (quoting 12 C.F.R. § 226.2(a)(12)). Here, Plaintiff became contractually obligated on her loan when she executed the mortgage on November 18, 1996. *Id.* As a result, any right to rescission that Plaintiff may have had expired on November 18, 1999. Plaintiff cannot escape these facts by unilaterally stating – 19 years after she obtained her mortgage – that the loan was never consummated.

Plaintiff further argues that Defendant is estopped from arguing the untimeliness of Plaintiff's notice of rescission by the doctrine of "estoppel by silence." Doc. 12 at ¶ 13. According to Plaintiff, because Defendant remained silent for 20 days after receiving Plaintiff's purported notice of rescission,[1] it is estopped from now asserting that it disputes the validity of her efforts to rescind. Id. at ¶¶ 13-15. Again, Plaintiff's argument finds no legal or factual support.

"To invoke the doctrine of estoppel by silence it must first be established that the one against whom the doctrine is being invoked had a duty to speak." *Capo v. Century Life Ins. Co.*, 94 N.M. 373, 377 (1980). Further, "[i]t must be shown that the party maintaining silence knew that the other party was relying upon that silence." *Id.* Plaintiff has failed to demonstrate that Defendant had any duty to respond to her untimely notice of rescission or take any action pursuant thereto, or that she relied upon Defendant's failure to respond or act. Accordingly, Plaintiff has provided no valid basis for the Court to conclude that, despite the untimely and thus ineffectual nature of her purported notice of rescission, she has properly pled either her claim for a declaration of rescission or her claim for damages.

---

[1] Under 15 U.S.C. § 1635(b), within 20 days after receipt of a notice of rescission, the creditor must return to the borrower "any money or property given as earnest money, downpayment, or otherwise," and must "take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."

**CONCLUSION**

Plaintiff's instant action is based entirely on her purported rescission of the subject loan. Because Plaintiff did not timely provide notice of rescission, her notice did not work to rescind the loan. Accordingly, even if Plaintiff's allegations were proven to be true, there would be no basis for this Court to declare a rescission or award Plaintiff damages in connection with any such rescission. Plaintiff's Complaint thus fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 8] is **GRANTED** as follows: the instant action is dismissed with prejudice.

DATED this 5th day of April 2018.

_____
MARTHA VÁZQUEZ
United States District Judge